# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEDAL ABDALLAH,<br><br>      **Plaintiff,**<br><br>      **v.**<br><br>**CITY OF PATERSON, COUNTY OF PASSAIC, PATERSON POLICE DEPARTMENT, WILLIAM FRAHER, in his individual and professional capacity, et al.,**<br><br>      **Defendants.** | Civ. No. 16-4660 (KM/MAH)<br><br>**MEMORANDUM AND ORDER** |

## KEVIN MCNULTY, U.S.D.J.:

This is an action by the plaintiff, Nedal Abdallah, against, *inter alia,* the City of Paterson, alleging the use of excessive force in connection with his arrest. The City of Paterson has filed an Answer (ECF no. 28) with affirmative defenses. That Answer contains a single Counterclaim, which reads in its entirety as follows:

### COUNTERCLAIM

Defendant, by way of Counterclaim against the Plaintiff says:

1. The within cause of action has been instituted by the Plaintiff in bad faith, is without merit, is frivolous and has been instituted to harass and cause this defendant great aggravation and expense in the defense of same and, therefore, this Defendant has been damaged. This Defendant, by way of Counterclaim against the Plaintiff, demands judgment for counsel fees and costs pursuant to 42 U.S.C. section 1988 and N.J.S.A. 2A: 15-59.1.

WHEREFORE, pursuant to the aforesaid statutes, the Defendant/Counter-claimant demands judgment against the Plaintiff for attorney fees and costs, once it is determined by the Court that this Defendant/Counter-claimant is the prevailing party.

(Answer p. 25)

Now before the Court is the plaintiff's motion (ECF no. 35) to dismiss the Counterclaim. At stake on this motion is virtually nothing.

The plaintiff does not dispute that, in a proper case, attorney's fees may be available under 42 U.S.C. § 1988 (as well as other statutes, rules, and common law doctrines). Plaintiff argues, however, that attorney's fees cannot be pled as a cause of action in a counterclaim, but can only be sought by application in the event the defendant should prevail.

The City responds that it brought this counterclaim to "preserve its rights." It points out that, although there is out-of-Circuit case law supporting the plaintiff's position, the Third Circuit has not spoken on this specific issue of pleading. In the alternative, should the plaintiff's motion be granted, the City reserves its rights to seek fees by way of an application under Federal Rule of Civil Procedure 54(d).

I find myself in agreement with Magistrate Judge Gorman, who wrote, "The Court has never before seen a fee request under § 1988 brought as a counterclaim." *Springer v. Durflinger*, No. 03-1200, 2006 WL 1120431, at *1 (C.D. Ill. Apr. 27, 2006) (dismissing demand for attorney's fees as counterclaim, and relegating party to the usual course of applying for fees if and when the party prevails). The better view, in my opinion, is that the fee application is collateral to the merits of the case and should be pursued by the usual route of an application following a decision on the merits.[1]

The City has expressed a concern with preserving its position. That concern suffuses its Answer, which pleads some thirty-three affirmative defenses. The defenses separately give notice of intent to seek attorney's fees.

---

[1]     That is not to say that a party should ignore requirements of notice or a contemporaneous objection. *See, e.g.,* Fed. R. Civ. P. 11(c).

Judge Gorman astutely pointed out, by the way, that considering the attorney's fees application to be part of the case on the merits would have other, unforeseen implications—*e.g.,* for the question of whether a final, appealable order has been entered.

2

(Sixteenth Defense). The "Wherefore" clause, too, demands that the Complaint be dismissed and that attorney's fees and costs be awarded. (Answer, p. 25)

In short, to the extent the Counterclaim is valid at all, it is surely superfluous; such wrangling over pleading is unproductive and detrimental to the goal of getting to the merits. I will therefore grant the plaintiff's motion to dismiss, but only to the following extent: The Counterclaim will be deemed a Notice and Demand.

## ORDER

The Court having considered the submissions (ECF nos. 35, 36, 38), as well as the entire record of the case;

IT IS this 2d day of January, 2018

ORDERED that the motion (ECF no. 35) is granted to the extent that the Counterclaim (ECF no. 28 p. 25) shall be deemed to be a Notice and Demand. This order is self-executing; no amended pleading need be filed.

_____

**HON. KEVIN MCNULTY**
**United States District Judge**